**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JEFFREY KEITH MARTIN,                                                    PLAINTIFF
ADC #168392

v.                                          4:17CV00628-JLH-JTK

BILL GILKEY, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Jeffrey Martin, a state inmate incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while he was incarcerated at the Yell County Detention Facility (Jail) in September, 2017 (Doc. No. 2).   Defendants Foster and Lyod were dismissed on October 25, 2017 (Doc. No. 13).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Bill Gilkey and Jhon Frank (Doc. Nos. 21-23).   Plaintiff did not respond, and by Order dated June 21, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 25). As of this date, Plaintiff has not responded to the Motion.

## II.    Complaint

On September 15, 2017, Plaintiff was involved in a fight at the Jail, during which his right

2

hand was lacerated by another inmate's mouth. (Doc. No. 2, p. 5) Plaintiff was taken to the local emergency room where he was treated and sent back to the Jail the same night. (Id.) Per the doctor's instructions, Plaintiff returned to the emergency room the next day for a follow-up, and the doctor gave him shots. (Id.) Later that same evening, Plaintiff was taken back to the emergency room and admitted to the hospital for an infection, after his hand swelled and became red. (Id., pp. 5-6) During his stay at the hospital, doctors changed his antibiotics several times and added salt compresses. (Id., p. 6) On September 17, 2017, Defendant Frank told Plaintiff he was costing the County money, and told the doctors that Plaintiff should be discharged the next day. (Id.) Plaintiff initially refused to sign the discharge papers, but finally did so in order to obtain his medications. (Id.) Upon his return to the Jail, he reviewed the discharge papers and discovered that the hospital falsified them in order to release him even though his hand was not better. (Id., p. 7) A Jailer later told Plaintiff the Sheriff demanded that Plaintiff be released from the hospital. (Id.) Plaintiff alleged his hand became infected due to Defendants' negligence in failing to act in a timely manner, and requested damages for denial of proper medical treatment. (Id., pp. 7-8)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

A.    **Official Capacity**

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct.   A suit against a county official in his official capacity is the equivalent of a suit against the county itself.   Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).   In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).   Defendants state Plaintiff presented no evidence of an on-going custom of denying medical care or medication to inmates, and note that the Detention Center Handbook provides for the implementation of an emergency care plan in the

event of severe bleeding, head injury, burns, or severe pain. (Doc. No. 22-10)   Therefore, a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

**B.    Individual Capacity**

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]   Defendants are entitled

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to Jail records provided by Defendants, on September 15, 2017, Plaintiff was involved in an altercation at the Jail and cut open his right hand when he hit another inmate in the mouth. (Doc. No. 22-1) He was transported to the John Ed Chambers Memorial Hospital Emergency Room that same evening for treatment, and was evaluated and discharged with instructions to keep his wound clean and dry and return the next day. (Doc. No. 22-2)    Plaintiff developed an infection and the next day when he returned to the hospital doctors placed him on antibiotics, acetaminophen, and an Epsom salt soak. (Doc. No. 22-3) He remained in the hospital until September 19, 2017. (Id.)

When Plaintiff returned to the Jail, he refused his medication and Jail staff observed him hitting his right hand against objects. (Doc. Nos. 22-5, 22-7)    Plaintiff also told Jail Administrator Michael May that he would not return to the hospital (Doc. No. 22-6). Plaintiff then returned to the hospital on September 20, 2017, and accused Defendants of removing him from the hospital previously in order to save money. (Doc. No. 22-8) The treating physician, Dr. Charles Jones, noted that Plaintiff was angry, manipulative, and demanding that he be sent to a hand specialist for no clear reason. (Id.)    Dr. Jones also noted that Plaintiff refused steroids, stated he would not take the antibiotics, and refused further care. (Id.) Following Plaintiff's release from the hospital, the Jail administered his medication and observed his injury according to his discharge instructions. (Doc. No. 22-9)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 22) are undisputed for purposes of the Motion, and recommends that summary judgment be granted

6

as a matter of law. <u>See</u> FED.R.CIV.P. 56(e)(2), (3).    Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.    <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979).    In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims.    <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 957 (8th Cir. 1994).    Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need.    <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).    However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.    <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).    Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995).    <u>See also</u> <u>Smith v. Marcantonio</u>, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).    Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."    <u>Long v. Nix</u>, 86 F.3d  761, 765 (8th Cir. 1996).    In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).    Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he]

did not feel [he] received adequate treatment." <u>Dulany</u>, 132 F.3d at 1240.

In this particular case, Defendants provide Jail and medical records to show that Plaintiff was treated on several occasions for his hand injury and refused to cooperate with his course of treatment. The evidence refutes Plaintiff's claim that he was improperly discharged due to Defendants' insistence based on monetary concerns, and Plaintiff provides absolutely no evidence to support his inadequate medical care allegations.    If Plaintiff complains about a delay in medical treatment, he provides no proof that Defendants caused the delay or that he suffered harm as a result. Finally, there is no evidence to show that Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 21) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 17th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE